UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x

UNITED STATES OF AMERICA,

    -against-

ADALJISA DEJESUS LIZARDO,
   a/k/a ROSA ANDRADES

                      Defendant.

------------------------------------- x

MEMORANDUM DECISION
AND ORDER

03 Crim. 599-2 (GBD)

GEORGE B. DANIELS, United States District Judge:

Petitioner Adaljisa Dejesus Lizardo (also known as Rosa Andrades) petitions for a writ of coram nobis to vacate her judgment and to amend her plea. (Pet. for Writ of Coram Nobis ("Pet."), ECF. No. 96.) Petitioner served a sentence of nine-months imprisonment after being convicted of (1) conspiracy to distribute between ten to thirty kilograms of heroin in violation of 21 U.S.C. § 846; (2) possession with intent to distribute 727 grams of cocaine base in a form known as "crack" in violation of 21 U.S.C. §§ 812, 841(a)(1), 841(b)(1)(A), and 18 U.S.C. § 2; and (3) fraudulently obtaining and using a social security number in violation of 42 U.S.C. § 408(a)(7)(A) and 18 U.S.C. § 2. (*See* Resp. to Pet. by U.S. Att'y ("Resp."), ECF No. 102, at 1, 4.)

Because Petitioner fails to provide sufficient factual or legal basis to warrant granting her petition, as well as fails to explain her extensive delay in filing the petition, this Court DENIES the petition to vacate the judgment and to amend her guilty plea.

                                I.      BACKGROUND

On March 25, 2004, Petitioner, then twenty-two years old, waived indictment and pled guilty to the above charges. (*See* Plea Tr., ECF No. 102-1, at 6:15–25; *see also* Resp. at 1.) During her plea allocution before this Court, Petitioner affirmed that she had a full opportunity to discuss her

case with her attorney, to discuss the consequences of her plea, and was satisfied with her attorney's representation. (Plea Tr. 5:11–17.) This Court also asked Petitioner if she was aware of the potential immigration consequences of her plea, including deportation, inability to apply for U.S. citizenship, and a bar to reentry. (*Id.* at 13:16–21.) Petitioner affirmatively responded to this Court's question by stating, "Yes."[1] (*Id.* at 13:22.) Petitioner then admitted that she had agreed to assist with the distribution of narcotics, possessed cocaine with intent to distribute, and fraudulently obtained a social security number. (*Id.* at 17:15–18:18, 19:19–20:3.) The plea transcript reflects Petitioner's clear understanding of the court interpreter who relayed this Court's questions throughout the entirety of the plea proceeding. (*Id.* at 4:1–6.)

On December 15, 2005, Petitioner was sentenced to time served and a special condition of three years on supervised release. (J., ECF No. 75.) After Petitioner's release, her Lawful Permanent Resident ("LPR") status was revoked. (Pet. ¶ 14.) She applied for political asylum, but an immigration judge denied her application due to her criminal record. (Aff. of Adaljisa De Jesus Lizardo ("Aff."), ECF No. 96-1, ¶ 7.) Petitioner was instead granted withholding of removal, which allows her to remain in the United States but does not allow her to reenter the country. (Pet. ¶ 15.)

On May 19, 2019, Petitioner filed the instant petition for a writ of coram nobis with this Court, seeking to vacate her conviction. Petitioner claims that (1) her attorney assured her that her plea would not affect her immigration status, (2) this Court did not ask her if she was aware of the immigration consequences of her plea, and (3) she would not have pled guilty if she had known that it would cause her to lose her LPR status. (Pet. ¶¶ 9–16.)

---

[1] "THE COURT: Do you also understand that if you are not a citizen of the United States and I accept your guilty plea and adjudge you guilty that adjudication may subject you to deportation and/or deprive you of the right to apply for United States citizenship or to reenter this country? Do you understand that?
THE DEFENDANT: Yes." (Plea Tr. 13:16–22.)

2

## II.   LEGAL STANDARD

"A *coram nobis* petition is a collateral proceeding through which a court may correct fundamental errors in a prior final judgment." *Moskowitz v. United States*, 64 F. Supp. 3d 574, 577 (S.D.N.Y. 2014) (citing *United States v. Morgan,* 346 U.S. 502, 507–08 (1954)). Federal courts may grant the common law writ of error coram nobis under the terms of the All Writs Act, 28 U.S.C. § 1651(a). *See also Fleming v. United States*, 146 F.3d 88, 89 (2d Cir. 1998). This remedy is available only in "extraordinary" cases that "compel[] its use 'to achieve justice.'" *United States v. Denedo*, 556 U.S. 904, 911 (2009) (quoting *Morgan*, 346 U.S. at 511).

A petitioner seeking coram nobis relief must show that "(1) there are circumstances compelling such action to achieve justice, (2) sound reasons exist for failure to seek appropriate earlier relief, and (3) the petitioner continues to suffer legal consequences from [her] conviction that may be remedied by granting of the writ." *Kovacs v. United States*, 744 F.3d 44, 49 (2d Cir. 2014) (quoting *Foont v. United States*, 93 F.3d 76, 79 (2d Cir. 1996)). Additionally, "a petitioner alleging ineffective assistance based on immigration misadvice must 'clearly demonstrate "that [s]he placed particular emphasis on [immigration consequences] in deciding whether or not to plead guilty."'" *Doe v. United States*, 915 F.3d 905, 911 (2d Cir. 2019) (quoting *Kovacs*, 744 F.3d at 52).

## III.   PETITIONER'S REQUEST FOR A WRIT OF CORAM NOBIS IS DENIED

Based on the standards set out in *Kovacs* and *Foont*, Petitioner does not establish that (1) her former attorney's performance prejudiced her, (2) that her extreme delay in filing this petition is justified, or (3) that granting her petition would remedy the collateral consequences of her plea. Therefore, Petitioner's requests to vacate the judgment or amend her guilty plea are denied.

### A. Petitioner Has Not Sufficiently Shown That She Placed a Particular Emphasis on Immigration Consequences in Deciding Whether to Enter a Plea of Guilty

To establish that a writ of coram nobis is necessary to achieve justice, Petitioner must show that "defense counsel's performance was objectively unreasonable[ and that] the deficient performance prejudiced the defense." *Kovacs*, 744 F.3d at 49 (citing *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984)). Petitioner must further demonstrate that, but for counsel's unreasonable acts, she would have negotiated a more favorable plea or would have insisted on going to trial. *See United States v. Hernandez*, 283 F. Supp. 3d 144, 151–52 (S.D.N.Y. 2018).

Petitioner claims ineffective assistance of counsel, alleging that her attorney instructed her that her plea would not affect her LPR status, (Pet. ¶¶ 10–11), nor lead to deportation, (*id.* ¶ 40). She claims that had she known that she could lose her Permanent Residency, she would not have pled guilty. (*Id.* ¶ 16; Aff. ¶ 11.) "[A]n affirmative misrepresentation by counsel as to the deportation consequences of a guilty plea is . . . objectively unreasonable" and can therefore sufficiently demonstrate prejudice to a defendant.[2] *United States v. Couto*, 311 F.3d 179, 188 (2d Cir. 2002), *abrogated on other grounds by Padilla v. Kentucky*, 559 U.S. 356 (2010).[3] However, "'a court need not accept a petitioner's uncorroborated, self-serving testimony as true' in deciding a claim for ineffective assistance of counsel." *Hernandez*, 283 F. Supp. 3d at 151 (citation omitted) (holding that petitioner satisfied burden through an affidavit and Board of Immigration Appeals

---

[2] In cases involving deportation, even where there is a low likelihood of success at trial, a defendant can also establish prejudice by providing "contemporaneous evidence" that there exists a "'reasonable probability that [she] would have rejected the plea had [she] known that it would lead to mandatory deportation' . . . ." *Hernandez*, F. Supp. 3d at 152 (quoting *Lee v. United States*, 582 U.S. 357, 369 (2017)). But Petitioner has not provided any contemporaneous evidence to merit a similar recognition for the loss of her Permanent Residency. (Resp. at 4.)

[3] Petitioner relies on the 2010 case of *Padilla* in her petition to argue that counsel is required "to provide affirmative, competent advice." (Pet. ¶¶ 29–32.) However, *Padilla* does not have retroactive effect and cannot apply to Petitioner's 2004 plea. *See Chaidez v. United States*, 568 U.S. 342, 344 (2013).

4

finding of ineffective assistance of counsel). Petitioner has offered only her own affidavit in support of her claim that her attorney affirmatively misrepresented to her that a guilty plea would not affect her immigration status. (*See* Resp. at 4.) Additionally, Petitioner has failed to demonstrate that (1) there is no other factual support available to support her claims, (2) her former attorney can no longer testify as to the relevant facts, or (3) another court already determined that "counsel was ineffective in a similar legal context." *Hernandez*, 283 F. Supp. 3d at 151. Therefore, it is inappropriate to accept the Petitioner's testimony as to her attorney's affirmative misrepresentations as true. *See id.*

Petitioner further claims that she "did not get a chance" to inquire into the immigration consequences of her plea because this Court did not ask her whether she was aware of these potential repercussions. (Pet. ¶ 41.) However, the plea transcript clearly demonstrates that this Court did inform Petitioner of the possibilities of deportation, loss of the right to apply for citizenship, and future inability reenter the United States. (Plea Tr. 13:16–21.) Petitioner affirmatively acknowledged this information. (*Id.* at 13:22.) Even if Petitioner's attorney had misinformed Petitioner of the impact that her plea might have on her LPR status, this Court's colloquy with Petitioner gave her a sufficient opportunity to inquire even further into these potential consequences with her attorney.

### B. Petitioner Failed to Provide Sufficient Justification for the Extreme Delay in Filing Her Petition for a Writ of Coram Nobis

A writ of coram nobis is "not subject to a specific statute of limitations." *Foont*, 93 F.3d at 79 (citation omitted). However, such relief "may be 'time barred if the petitioner cannot provide a justified reason for failure to seek appropriate relief at an earlier date.'" *Hernandez*, 283 F. Supp. 3d at 153 (citation omitted); *see also Foont*, 93 F.3d at 80–81 (affirming denial of petition for writ of coram nobis to vacate five-year-old conviction as untimely). In considering the timeliness of a

petition for a writ of coram nobis, the "critical inquiry" is whether Petitioner can show "sound reasons" for her delay in filing after the time of her conviction or after the point at which she learned of the facts underlying the claim for coram nobis relief. *Foont*, 93 F.3d at 80.

Petitioner pled guilty to an aggravated felony in March 2004 and was sentenced in December 2005. (Resp. at 1–2.) After her release, an order of removal was entered against her and her LPR status was revoked, once again advising her of the immigration consequences of her plea. (Pet. ¶¶ 14–15.) Petitioner claims that she was unaware of the collateral immigration consequences of her plea until after the time to appeal had expired. (*Id.* ¶ 18.) However, Petitioner provides no reason in her petition, nor in her attached affidavit, to justify her extreme delay in seeking relief nearly 14 years after her Permanent Residency was revoked.[4] (*See generally* Pet.; Aff.) Thus, Petitioner's request for relief is untimely.

### C. Petitioner Has Not Demonstrated That a Writ of Coram Nobis Could Remedy the Collateral Immigration Consequences of Her Plea

Petitioner claims she would not have entered a plea of guilty if she had known that it could affect her immigration status, namely the revocation of her LPR status, (Pet. ¶¶ 14, 16), and inability to receive asylum, (Aff. ¶ 7). As Petitioner noted, she does not wish to leave the United States because she has children in this country and has lived here for a long period of time. (Pet. ¶ 40.) While Petitioner's current immigration status is understandably difficult, (*see* Aff. ¶ 11), Petitioner's plea afforded her the possibility of avoiding further time in prison, (Resp. at 5). Petitioner also received withholding of removal, which permits her to remain in the United States with her family. (*Id.*; *see also* Pet. ¶ 15.) In her petition, Petitioner offers no defenses to the charges to which she pled guilty. (Resp. at 5.) Thus, Petitioner has not shown that granting her

---

[4] Neither does Petitioner state when she learned of her alleged need for relief or when she was placed in removal proceedings. (*See* Resp. at 5 n.5; Pet. ¶¶ 14–15.)

petition would provide a "better resolution" than her current immigration status. (*See id.* at 4–5 (quoting *Lee v. United States*, 582 U.S. 357, 367).)

## IV.  CONCLUSION

Petitioner has not met her burden for a writ of coram nobis. Moreover, her petition is untimely. The petition to vacate the judgment or otherwise amend her plea, (ECF No. 96), is therefore DENIED.

The Clerk of Court is hereby directed to close the open motion at ECF No. 96.

Dated: June 29, 2023
New York, New York

SO ORDERED.

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge

7